1  SHARON KIRSCH (157157)
   ROSALIA CARVAJAL WARREN (228958)
2  McMANIS FAULKNER & MORGAN
   A Professional Corporation
3  50 West San Fernando Street, 10th Floor        *E-FILED ON 10/3/06*
   San Jose, California 95113
4  Telephone:   (408) 279-8700
   Facsimile:   (408) 279-3244
5
   Attorneys for Defendant,
6  West Hotel Partners, L.P. dba HILTON SAN JOSE AND
   TOWERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACCESSIBILITY FOR ALL, INC. a New York Corporation, and NELSON M. STERN, Individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>HILTON SAN JOSE & TOWERS, HILTON SAN JOSE HOTEL, HILTON HOTELS CORPORATION, SAN JOSE REDEVELOPMENT AGENCY/WEST HOTEL,<br><br>    Defendants. | Case No. C05-04128- HRL<br><br>**CONSENT DECREE** |

## **CONSENT DECREE AND ORDER**

Plaintiffs, Accessibility for All, Inc. and Nelson M. Stern ("Stern") (jointly, "plaintiffs") filed a Complaint on October 12, 2005, to enforce provisions of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA")(the "Complaint") against Defendant West Hotel Partners, L.P. dba Hilton San Jose and Towers erroneously sued herein as Hilton San Jose & Towers, Hilton San Jose Hotel, Hilton Hotels Corporation, San Jose Redevelopment Agency/West Hotel ("defendant"). Plaintiffs allege that defendant violated Title III of the Americans With Disabilities Act of 1990 by failing to provide full and equal access to the Hilton San Jose and Towers in San Jose, California, when Stern visited the subject facility on or about September, 2005.

1

CONSENT DECREE
Accessibility for All, Inc. v. Hilton San Jose, et. al. CASE NO. C05-04128-HRL

Defendant denies the allegations in the Complaint and by entering into this Consent Decree and Order does not admit liability to any of the allegations in the Complaint. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

## JURISDICTION

The parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC § 12101 et seq.

In order to avoid the cost, expense, and uncertainty of protracted litigation, the parties to this Consent Decree and Order agree to entry of this Consent Decree and Order and the Settlement Agreement and Release attached hereto as Exhibit A, to resolve all claims raised in the Complaint. Accordingly, they agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning plaintiffs' claims.

WHEREFORE, the parties to this Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

## SETTLEMENT

This Order shall be a full, complete, and final disposition and settlement of plaintiffs' claims against defendant that have arisen out of the subject litigation. The parties agree that there has been no admission or finding of liability or violation of the ADA and this Consent Decree and Order should not be construed as such.

The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the Americans with Disabilities Act Accessibility Guidelines as may be amended before expiration of this order, unless other standards are specifically agreed to in this Consent Decree and Order.

a) Remedial Measures: The injunctive relief agreed upon by the parties is attached as Exhibit B to this Consent Decree and Order, which is incorporated herein by reference as if fully set forth in this document. Defendant agrees to undertake all remedial work set forth in Exhibit B.

2

CONSENT DECREE
Accessibility for All, Inc. v. Hilton San Jose, et. al. CASE NO. C05-04128-HRL

b) Timing of Injunctive Relief: Defendant will submit plans for all corrective work to the appropriate building department if required, and carry out the work pursuant to Exhibit B to be completed within 3 years of the date of entry of this Consent Decree. In the even that unforeseen difficulties prevent defendant from completing any of the agreed-upon injunctive relief, counsel for defendant will notify plaintiffs' counsel in writing within 30 days of discovering the difficulty.

The parties have reached the following agreement regarding plaintiffs' claims for damages, attorney's fees, litigation expenses and costs. Defendant will pay plaintiffs $10,000.00 in full satisfaction of these claims.

## ENTIRE CONSENT ORDER

The Consent Decree and Order, and Exhibits A and B to this Consent Decree and Order, which are incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing parties and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order and the settlement agreement and release, shall be enforceable regarding the matters of injunctive relief described herein. This Consent Decree and Order applies to plaintiffs' claims for injunctive relief and plaintiffs' claims for damages, attorney's fees, litigations expenses and costs.

## CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

This Consent Decree shall be binding on plaintiffs, Nelson Stern and Accessibility for All, Inc., and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

## TERMS OF THE CONSENT DECREE AND ORDER

This Consent Decree and Order shall be in full force and effect for a period of three years after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Consent Decree and Order is completed, whichever occurs later, and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and

CONSENT DECREE
Accessibility for All, Inc. v. Hilton San Jose, et. al. CASE NO. C05-04128-HRL

1  Order for this period, or until the injunctive relief contemplated by this Consent Decree and
2  Order is completed, whichever occurs later.

## SEVERABILITY

If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms o this Consent Decree and Order shall nonetheless remain in full force and effect.

## SIGNATORIES AND PARTIES

Signatories on behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

DATED: 9/29/06

_____
NELSON STERN

Plaintiff

DATED: 9/29/06

_____
NELSON STERN

On behalf of
ACCESSIBILITY FOR ALL, INC.

DATED: 9/29/06

_____
NELSON STERN

Attorney for Plaintiffs,
NELSON STERN, and
ACCESSIBILITY FOR ALL, INC.

DATED: 9/15/06

_____
LEWIS N. WOLFF

On behalf of
West Hotel Partners, L.P. dba HILTON SAN JOSE AND TOWERS

4

CONSENT DECREE

DATED: Sept. 28, 2006

McMANIS FAULKNER & MORGAN

/s/ Sharon Kirsch
SHARON KIRSCH

Attorneys for Defendants West Hotel Partners, L.P. dba HILTON SAN JOSE AND TOWERS

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

DATED: October 3, 2006

_____
THE HONORABLE HOWARD R. LLOYD
UNITED STATES MAJISTRATE JUDGE

CONSENT DECREE
Accessibility for All, Inc. v. Hilton San Jose, et. al. CASE NO. C05-04128-HRL

**EXHIBIT A**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is effective as of the 15th day of September 2006, between Nelson Stern ("Stern"), Accessibility for All ("AFA") (jointly "plaintiffs") and West Hotel Partners, L.P. dba Hilton San Jose and Towers ("Hilton San Jose"). Stern, AFA and Hilton San Jose, are individually referred to herein as "party" and collectively referred to herein as "parties."

- A. WHEREAS, on October 12, 2005, plaintiffs filed a Complaint to enforce provisions of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA") for damages and attorneys fees against the Hilton San Jose in the U.S. District Court, in San Jose, California, Case No. C05 04128 (the "Action")

- B. WHEREAS, on September 15, 2006, the parties entered into a Consent Decree which covered all aspects of the injunctive relief requests in the Action ("Consent Decree")

- C. WHEREAS, on September 15, 2006, the parties reached a settlement regarding any and all remaining portions of the Action not covered by the Consent Decree.

- D. WHEREAS the parties hereto desire to compromise and settle fully, finally and forever, any and all Claims between them, as hereafter defined.

NOW, THEREFORE, for and in consideration of the mutual promises contained herein, the parties agree as follows:

1. <u>Monetary Consideration</u>. On or before 30 days after the Court enters the Consent Decree, settling party Hilton San Jose, will deliver to Nelson Stern, attorney of record for plaintiffs, a check made payable to the trust account of Nelson Stern, for the sum of ($10,000.00) ("Settlement Amount").

2. <u>Dismissal of Action with Prejudice</u>. In exchange for settling party Hilton San Jose's payment of the Settlement Amount, plaintiffs shall dismiss their operative Complaint in the Action, with prejudice. The dismissal, attached to this Agreement, shall be filed within (5) Court days of the receipt by Nelson Stern of the Settlement Amount.

3. <u>Release</u>. Except as to rights, duties or obligations created by this Agreement and the Consent Decree, Stern and AFA on behalf of himself/itself, his/its successors, heirs, assigns, and personal representatives, and each of the foregoing, hereby forever release and discharge the Hilton San Jose, each of his/its successors, assigns, and personal representatives, and each of the foregoing, of and from any and all claims, demands, liens, encumbrances, taxes liabilities, rights, actions, causes of action whether presently existing or which may arise in the future, known or unknown, vested or contingent, suspected or unsuspected, in law, equity or otherwise (collectively "Claims") that relate to or arise from Hilton San Jose, including but not limited to claims asserted,

or that could have been asserted, or that could be asserted in the Action or otherwise, including any related cross-complaints.

4. <u>Civil Code Section 1542</u>.   In entering into this Agreement, each party expressly waives any and all rights it may have under the provisions of Civil Code Section 1542 which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUPSECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

5. <u>No Admission of Liability</u>.   This agreement shall not be construed as an admission by any party of any wrongdoing or liability in connection with the Action.

6. <u>Due Authorization</u>.   Each Party hereby represents and warrants to the other Party that it has duly executed and delivered this Agreement pursuant to due authorization and this Agreement constitutes the valid and legal binding obligation of such party and is enforceable against him or it in accordance with the terms hereof and that it has not assigned, transferred, conveyed or encumbered any claim, cause of action or right that it has, or may have against the other party.

7. <u>Legally Binding</u>.   Each party intends this Agreement to be legally binding upon himself or itself or his or its successors, assigns, heirs, and personal representatives.

8. <u>Advice of Counsel</u>.   In entering into this Agreement, each party has had the opportunity to be represented by counsel of his/its choice, and such other persons as each may have deemed appropriate, and the terms of this Agreement are fully understood and voluntarily accepted.

9. <u>Entire Agreement</u>.   This Agreement contains the entire and only agreement between the parties with respect to the subject matter of the Agreement and supersedes all previous negotiations, discussions, and agreements.  This Agreement shall not be modified, amended, or otherwise changed except by a writing executed by the parties.

10. <u>Governing Law</u>.   This Agreement and performance hereunder shall be governed by Federal law.  If any provision of this Agreement shall be held unenforceable or invalid for any reason, it shall not affect the enforceability of any other provision of this Agreement or the total Agreement.

11. <u>No Assignment</u>.   Each of the parties hereto represents and warrants that it is the sole and absolute owner of each and every claim released herein, and that it has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or

demand, or any portion of or interest in any claim or demand, relating to any matter covered by this Agreement.

      12.    <u>Waiver of Rights</u>.  The observance of any term of this Agreement may be waived only by a writing signed by the party to whose benefit the term accrued. Waiver of any provision of this Agreement, or the failure by either party to enforce any provision of this Agreement, will not be deemed a waiver of future enforcement of that or any other provision.

      13.    <u>Headings</u>.  The underlined headings contained in this Agreement are for convenience and reference only, shall not be deemed to be part of this Agreement and shall not be referred to in connection with the construction or interpretation of this Agreement.

      14.    <u>Dispute Resolution</u>.   In the event legal proceedings are required to enforce this Agreement, such action must be brought before the U.S. District Court, in San Jose, California.  The prevailing party in such action shall be entitled to recover reasonable attorneys' fees, costs and disbursements (in addition to any other relief to which the prevailing Party may be entitled).

      15.    <u>Construction</u>.  The parties hereto agree that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not be applied in the construction or interpretation of this Agreement.

//

//

//

//

//

//

//

//

//

//

//

16. <u>Counterparts</u>. This Agreement may be executed in counterparts (each of which shall be deemed an original), and receipt by facsimile transmission of executed copies shall be legally binding.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below.

DATED: 9/29/06

_____
NELSON STERN

Plaintiff

DATED: 9/29/06

_____
NELSON STERN

On behalf of
ACCESSIBILITY FOR ALL, INC.

DATED: 9/29/06

_____
NELSON STERN

Attorney for Plaintiffs,
NELSON STERN, and
ACCESSIBILITY FOR ALL, INC.

DATED: 9/15/06

_____
LEWIS N. WOLFF

On behalf of
West Hotel Partners, L.P. dba HILTON SAN JOSE AND TOWERS

McMANIS FAULKNER & MORGAN

DATED: Sept. 28, 2006

_____
SHARON KIRSCH

Attorneys for Defendants West Hotel Partners, L.P. dba HILTON SAN JOSE AND TOWERS